UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-01472-HDV-AJR | | Date | March 27, 2026 |
|---|---|---|---|---|
| Title | *Zhenduo Hua v. Kristi Noem et al.* | | | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING IN PART EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [2] AND SETTING BRIEFING SCHEDULE RE PRELIMINARY INJUNCTION**

Petitioner Zhenduo Hua filed a Petition for Writ of Habeas Corpus on March 26, 2026 ("Petition"). [Dkt. 1]. Petitioner filed an accompanying Ex Parte Application for Temporary Restraining Order to release Petitioner from detention and enjoin his transfer outside the jurisdiction of this Court while the action is pending ("Application"). [Dkt. 2].

Upon initial review, the Court finds that the Application presents at least some of the same issues as this Court's prior orders in *Delkash v. Noem,* No. 25-cv-1675-HDV-AGR, 2025 WL 2683988 (C.D. Cal. Aug. 28, 2025) and *Quan v. Bowen*, No. 25-cv-02546-HDV-PVC, 2025 WL 3691858 (C.D. Cal. Nov. 14, 2025) and raises serious questions as to Respondents' compliance with 8 U.S.C. § 1231 and 8 C.F.R. § 241.13(i) in detaining Petitioner. The Court applies the *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008) factors and finds that Petitioner has shown both a probability of success on the merits and numerous forms of irreparable harm, and on that basis concludes that emergency relief is needed to maintain the status quo.

The Court therefore grants the Motion in part. Respondents are ***enjoined from transferring, relocating, or removing*** Petitioner outside of the Central District of California (including, but not limited to, transferring Petitioner to an ICE facility outside of the Central District or removing Petitioner from the United States) pending further order of the Court.

The Court sets the matter for **hearing on April 2, 2026 at 4:00 p.m.** as to whether a preliminary injunction should issue. The Application will be considered the opening brief on that issue. Respondents' opposition is due by **March 31, 2026**, and Petitioner may file a reply by **April 1, 2026**. The parties' briefs should address the ways in which this case is similar to or distinguishable from the analysis in *Delkash*, *Quan*, and other similar orders issued by other courts in similar circumstances. The parties are permitted to submit additional declarations or other evidence as necessary.

Respondents are ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, and to place a copy of this Order in the Petitioner's A-File.

**IT IS SO ORDERED.**